## V

We have reviewed the authorities relied upon by the respondent in his brief. We find some of the federal decisions to be inapposite.[5] Some federal cases permit interrogatories even though the interrogatory sought "conclusions."[6] These decisions, however, are federal decisions interpreting the rules in the light of the basic philosophy of the role of pleadings in the federal system. They are not authoritative or controlling under Missouri procedure.

## VI

■■■ Prohibition is proper. Prohibition is the proper remedy when a trial court makes an order in discovery proceedings that exceeds its jurisdiction or is an abuse of discretion. *State ex rel. Anheuser v. Nolan,* 692 S.W.2d 325, 327 (Mo.App.1985); *State ex rel. L.Y. v. Davis,* 723 S.W.2d 74 (Mo.App.1986); *State ex rel. Houser v. Goodman,* 406 S.W.2d 121 (Mo.App.1966). And although normally prohibition is preventive not corrective, *State ex rel. Doyles Corp. v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App.1980), such principle has its limitations and exceptions and may, in certain instances, issue when the court exceeds its jurisdiction. *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo.App.1974).

## VII

For the foregoing reasons, we hold that Interrogatories Nos. 9 and 10 are objectionable and make our preliminary writ heretofore issued absolute as to Interrogatories Nos. 9 and 10. As to Interrogatory No. 13, the preliminary writ is quashed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

**Larry YANCY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52246.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 16, 1987.

Motion for Rehearing and/or Transfer Denied July 21, 1987.

Application to Transfer Denied Sept. 15, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

---

**5.** *Payer, Hewitt & Company v. Bellanca Corporation, supra,*—well settled that opinions and legal conclusions may not be required by interrogatories (decision prior to 1970 Amendment to Rule 33(b)); *United States v. Carter Products, Inc.,* 28 F.R.D. 373 (S.D.N.Y.1961)—anti-trust—government not required to answer certain contentions.

**6.** *Zinsky v. New York Central Railroad Company, supra,*—interrogatories inquiring whether plaintiffs in FELA case followed usual customs, rules and practices not objectionable, but interrogatories inquiring whether plaintiffs were in furtherance of interstate commerce were improper; *Taylor v. Sound Steamship Lines, Inc.,* —discussed *supra; Bynum v. United States,* —discussed *supra; Diversified Products Corp. v.*

*Sports Center Co.,* 42 F.R.D. 3 (D.Md.1967)—interrogatories which in "some measure" call for legal conclusions are not necessarily objectionable if useful in narrowing issues; *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543 (S.D.N.Y. 1978)—interrogatories are an appropriate means for obtaining a specification of facts upon which claim of negligence is founded—plaintiff required to answer at a continuation of her deposition; *Hartsfield v. Gulf Oil Corporation,* 29 F.R.D. 163 (E.D.Pa.1962)—interrogatories proper to determine details of negligence; *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115 (N.D.Ga.1972)—opinion as to meaning of contract terms not objectionable.

## ORDER

PER CURIAM.

Larry Yancy appeals from the trial court's denial of his Rule 27.26 motion without an evidentiary hearing.

The judgment is affirmed. Rule 84.16(b)

**Cecilia REDICAN and Tamra Wright, Plaintiffs-Respondents,**

v.

**K MART CORPORATION, Defendant-Appellant.**

**No. WD 38752.**

Missouri Court of Appeals, Western District.

June 23, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1987.

Application to Transfer Denied Sept. 15, 1987.